## LIBERTY MUT. INS. CO. v. FIRST NAT. BANK IN DALLAS et al.

No. 15245.

Court of Civil Appeals of Texas.
Fort Worth.

May 11, 1951.

Rehearing Denied June 1, 1951.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Coke & Coke, of Dallas, for appellee First Nat. Bank in Dallas.

Malone, Lipscomb, & Seay, of Dallas, for appellee First Nat. Bank of Fort Worth.

Greines & Greines, of Fort Worth, for appellees Henry Merino and Walter Jarvis.

McDONALD, Chief Justice.

From 1946 to 1949 Willard Hill was employed by appellant to handle claims arising under insurance policies issued by appellant. Hill prepared a large number of spurious claims, and obtained possession of bank checks issued by appellant, for the purpose of paying such claims. The checks involved in the present suit, aggregating the sum of $6750.86, were drawn on the First National Bank in Dallas, appellee herein. Hill obtained payment on the checks by forging the endorsements of the payees. Appellee paid the checks on the endorsements of other banks, which had received them from certain individuals who had received them from Hill.

Appellant sued appellee, and by successive pleas over, prior endorsers of the checks were drawn into the suit. Appellant was denied any recovery against appellee, with the result that no judgment was rendered against the prior endorsers.

Appellee defended on the ground, among others, that appellant waived its claim against appellee by electing to collect the amount of the checks from Fidelity & Deposit Company of Maryland on a surety bond which protected appellant against defalcations of said employee Hill. The defense is based on the doctrine of election of remedies.

■ It is familiar law that a bank may not properly charge to the depositor a check on which the endorsement has been forged, and that if it does, the depositor may compel restitution, except under circumstances not necessary to note here. 6 Tex.Jur., p. 308; 9 C.J.S., Banks and Banking, § 356, p. 734. Under the doctrine of election of remedies it has been held by some courts that in a case like the present one, where an employee covered by a surety bond has forged endorsements on checks issued by the employer, the employer has a choice of remedies which he may pursue. Either he may demand payment of the amount of the checks from the drawee bank, on the theory that when the bank paid the checks on the forged endorsements it paid out its own money, and not that of the depositor, or he may affirm the action of the bank in paying the money on the forged endorsement, and on the ground that the employee embezzled money belonging to the employer, collect on the employee's surety bond. The first remedy is based on the idea that the employer's money is still in the bank, and that the bank must pay it over on demand. The second remedy is based on the idea that the employer's money came into the hands of the employee and was embezzled by the employee. Necessarily, for there to be a recovery on the surety bond, the employee must have embezzled money belonging to his employer. A claim on the surety bond would not be supported merely by proof that the employee defrauded the bank.

■ So far as we have been able to ascertain, the question of applicability of the doctrine of election of remedies to a state of facts like that before us has not heretofore come before the appellate courts of

this state. The authorities in other jurisdictions are divided on the question. The views on both sides of the question are fairly represented by the majority and dissenting opinions in United States Fidelity & Guaranty Co. v. First National Bank in Dallas, 5 Cir., 172 F.2d 258. See also the annotation in 144 A.L.R. 1440, 1448. To our way of thinking, the more reasonable thing to say under the facts of the present case is that appellant, the employer, after treating the money paid out on the checks as belonging to appellant, in order to get at the surety company, and after collecting from the surety company on the ground that it was the employer's money, and not that of the bank, which had been embezzled by the employee, may not now be allowed to reverse its position and claim that its money is still in the bank. It is inconsistent for appellant to take the position as between it and the fidelity surety that the money was obtained from the bank and embezzled by the employee, and to claim as between it and the bank that the money is still in appellant's account in the bank.

Possibly in an effort to avoid the effect of an election of remedies, appellant and the fidelity insurer executed an instrument in writing, at the time the claim on the bond was paid, which declared that the sum involved was being advanced to appellant, and that appellant would prosecute a claim against the bank at the cost and expense of the fidelity insurer, and would pay over to the latter such money as it might recover from the bank.

We are not able to see that the language of this writing changed either the form or the substance of what was done by way of making claim on the fidelity bond. It is undisputed that claim was made on the bond, and that the full amount of the defalcations was paid to appellant. Appellant elected as to the remedy it would pursue, and prosecuted the claim on the fidelity bond to a successful conclusion. To call this transaction a loan would be to ignore the realities of the situation. If, as we have held, the doctrine of election of remedies is applicable to the case, the result is that appellant waived its claim against the bank, and had no claim against the

bank which it could thereafter prosecute on behalf of the fidelity insurer, or assign to it.

Since this holding requires affirmance of the judgment, other defenses asserted by appellee need not be discussed.

Judgment affirmed.